UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFF A. HAWKINS,

    Petitioner,

    v.

CLARK DUCART,

    Respondent.

Case No. 17-cv-00333-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. Nos. 3, 4

## INTRODUCTION

Petitioner Jeff Hawkins has filed a habeas petition challenging the same state convictions he challenged in a prior (and now closed) habeas action, *Hawkins v. Horel*, No. C 08-01482 MHP. The instant petition will be dismissed as second or successive to the prior petition. If Hawkins wishes to file a successive habeas petition, he must obtain permission from the Ninth Circuit Court of Appeals.

## BACKGROUND

Hawkins's prior habeas petition was denied, and judgment entered in favor of respondent, on February 25, 2010. (*Hawkins*, No. C 08-01482, Dkt. Nos. 16 and 17.) The Ninth Circuit affirmed the district court's decision. (*Id.*, Dkt. Nos. 30-32.)

## DISCUSSION

The new petition is barred by the rule against filing a second or successive petition. As noted, Hawkins has filed at least one previous petition regarding the same convictions at issue in the instant petition. In order to file a second or successive petition, Hawkins must obtain an order from the Court of Appeals authorizing the district court to consider

the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because he has not shown that he has received such authorization, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

Accordingly, the petition is DISMISSED.

## MOTIONS

Hawkins moves for the appointment of counsel (Dkt. No. 4), and to proceed *in forma pauperis* (Dkt. No. 3).

Hawkins contends counsel should be appointed because he suffers from mental disabilities, the case involves complex issues, he lacks legal knowledge, and he would be better served if counsel were appointed. The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

In the Ninth Circuit, roughly one-third of new civil litigants in district court are not represented by counsel. United States Courts for the Ninth Circuit, 2014 Annual Report 39 (2015), available at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf. Most, but by no means all, of these litigants are incarcerated. There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice, and the high percentage of civil litigants who cannot afford one threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands. That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

Hawkins has not shown that exceptional circumstances exist.  Many of the reasons he lists for appointment of counsel, such as that he would be better served by counsel, are all too common circumstances for prisoner-plaintiffs.  Furthermore, Hawkins's filings, including the present motion for counsel, are clearly written, articulate, and well-reasoned.  Also, this case does not present complex claims or issues.  Accordingly, Hawkins's motion to appoint counsel is DENIED.

Hawkins's motion to proceed *in forma pauperis* is GRANTED.

## CONCLUSION

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

Hawkins's motion for the appointment of counsel (Dkt. No. 4) is DENIED.  His application to proceed *in forma pauperis* (Docket No. 3) is GRANTED.

A certificate of appealability will not issue.  Hawkins has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall terminate Docket Nos. 3 and 4, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:**  February 28, 2017

WILLIAM H. ORRICK
United States District Judge